Case No. 19-4074 Andrea Drake et al. v. DePuy Orthopaedics Inc et al. In Case No. 19-4075 NRAE ASR Hip Implant Products Liability Litigation Argument not to exceed 15 minutes per side Mr. Truesdale you may proceed for the appellant. Thank you. May it please the court. Mike Truesdale on behalf of the Johnson Law Firm and Steven Johnson. When parties agree to arbitrate the issue of arbitrability a court may not disregard that decision and a court may not disregard the arbitrator's decision on whether a claim is arbitrable or not even if the basis for that determination appears to be wholly groundless to the court. This case involves two decisions by the district court judge made in two separate proceedings that disregarded arbitrability decisions made by properly appointed arbitrators that determined that matters either were arbitrable or were not arbitrable and the resulting the result of that determination is the improper order below which vacated a proper arbitration proceeding and refused to confirm that proper proceeding and remanded the proceeding for arbitration before a tribunal which has previously determined it lacked jurisdiction to decide the matter through arbitration proceedings and is that reason why we're here today because those orders were erroneous. So what I'd like to start with I mean the facts in this case are detailed they're well set out in the briefs but what I would like to do is just highlight a couple of ones that are relevant to the question of arbitrability and those facts start with an analysis of the attorney representation agreement that is issued in this case. In 2012 the council wouldn't you say this outcome here is going to turn on whether we are governed whether we decide this matter this dispute is governed by the retainer agreement or the alternatively the master settlement agreement with respect to the arbitration provisions if the master settlement agreement controls then I would guess that you would not prevail and wouldn't we have to determine which of these and doesn't this entire peer rest on which of these agreements we determine governs this matter. Judge Clay that is a very good question and I probably reach a different result than what you suggested then let me explain why. The question whether the first the question whether we prevail under the master settlement agreement or under the ARA and I'll talk about this in detail later I think the answer is we prevail under both of those based upon what the special master said but more importantly the question that you just raised is an issue that turns on the question of arbitrability. Now if Justice Yanni or special master Yanni determined the question she answered the question you just asked whether the master settlement agreement applies or whether the attorney retention for representation agreement applies and she said I concur I do not have jurisdiction under the master settlement agreement. I think aren't you reading an awful lot into that she suddenly became aware that there was another arbitration proceeding going on and simply deferred to it I don't I can't read into it the first and right and let it go but other than that I I have difficulty following what you suggest. Well Judge Guy I appreciate that and obviously I disagree and let me explain why you know we can look to the document itself Judge Yanni's ruling does not say you know order number two deference to pending arbitration or order number two under comedy I am not going consider this it is titled order number two jurisdiction and then she walks through her order you know her first order addresses the bases that were identifies the bases that were asserted on which jurisdiction was based and that was a clause in the master settlement agreement that said if two or more lawyers are the primary law firm as a defined term then a dispute can be conferred jurisdiction because this dispute dispute is not among two primary law firms this is a dispute among a lawyer who was terminated and this is a civil breach of contract case this isn't a dispute within the MLA and the second provision that the arbitrator or that the party relied upon to invoke jurisdiction under the MSA was provision 3.2.3.2 and that provision said disputes over representation are arbitrable and again this is not a dispute about representation Mr. Johnson was terminated there's no question about that and Mr. Drake had the right to terminate the question is once he terminated him and if he did so without cause what remedy did Mr. Johnson get so this is a Texas breach of contract case this isn't a case under the MSA so I disagree with you when you suggest that this is a question of comedy the way I read it and I think it makes sense is that once Judge Yanni looked at those provisions looked at the objections to jurisdiction she concluded wait a minute the dispute in this case falls outside of the ambit of the MSA and thus it is proper and thus I don't have jurisdiction and it is properly arbitrable under the the ARA rather than under the MSA more importantly she had the right to make that decision and under the Henry Schein case this court may not second guess or the district court may not second guess her decision to do so it is a question of arbitrability it is her determination whether the MSA conferred jurisdiction over the dispute and she concluded that it did not and so under Henry Schein I'm sorry that's okay Mr. Truesdale it's just the order is a bit cryptic I mean it just simply says hey there's another jams arbitration going on apparently she's affiliated with that company or firm as well and she then for that reason apparently she says there's no jurisdiction it's not like she's interpreting the scope of the MSA it's almost like a professional courtesy feel that she doesn't want to get in the way of a fellow jams arbitrator again I if she had intended to do that I believe her order would have said that you could you could skip paragraph five in her order and you know and this is on page id 271 yeah you know I'm sure you guys all have this in front of you it's the it's a key document but uh you know paragraph four says I have read the objection to jurisdiction you know I have read the basis on which jurisdiction was invoked and I have read the objection and by the way paragraph five the way I read it is and they filed this arbitration they didn't even tell me that this was already pending because it's a fee dispute under a breach of contract claim in Texas and so I kind of read that differently but then if you skip to paragraph six or in paragraph seven based on the objections that I read I concur I do not have jurisdiction and the first options versus Kaplan case says jurisdiction in the arbitration context is a proxy for arbitrability and so she made that determination she had the right to make that determination and so when she says I have no jurisdiction she is saying this dispute is not arbitrable under the ARA it is you can you remind me of what provision of the ARA in your view then binds Judge Helmick in your view to say like the special master did there's no arbitral arbitrability under this MSA may I clarify your question you asked yeah so my provision you're right no it would be a provision of the MSA itself right okay that that in your view makes Judge Helmick bound by this jurisdictional determination so what provision of the MSA just so I know what your argument is we could start with provision 14.1.3.2 of the MSA what that provision says is that the MSA if there's going to be an arbitration under the MSA it will be pursuant to the American Arbitration Association's that is important is this court recently decided the the Domino's pizza case I always get the first name Bradford I think or Blaylock I'm sorry I'm watching the first name of it but there was a June 20th Sixth Circuit opinion which basically said like Henry Schein did and like 11 of the 12 federal circuits that have decided the issue that when a agreement incorporates the triple-a rules the triple-a rules provide that the decision of arbitrability is delegated to the arbitrator and the arbitrator to decide that and then Henry Schein tells us that if a decision of arbitrability is dedicated to the arbitrator a court may not disturb it even if they find it holy grounds even if Judge Helmick wait a minute but is this the thing referring to in the triple-a rules is that somewhere part of our record here oh yes your honor it's a it's in the 25 or 2015 ASR Hitch settlement agreement and I've okay but it's paragraph 14.1.3.2 oh I know that yeah but you're you're basically saying that this provision of the master settlement agreement itself incorporates something from the triple-a arbitration rules right it incorporates the rules yes yes and that's what binds Judge Helmick well that that's what that technically yes the reason my question is notwithstanding what we said about these rules or some version of them in another case do do we have the thing that's incorporated here these triple-a rules do we have that in our record somewhere so that I can yes your honor and uh uh where the triple-a rules are cited uh I I can answer that on a rebuttal I can find it but the triple-a I just want to make sure it's in the record yes your honor they are uh because we cited them in our reply brief as well I can track down a record don't take up your time just uh on rebuttal let me know where it's at bottom line is that um if the issue is arbitrability Judge or Special Master Yanni had the right to make that decision and Judge Helmick does not have the power to override that and disregard it that's the lesson of Henry Schein so we have two arbitrators now uh Yanni saying that this is not arbitrable under the MSA and we have um um Judge Ashworth in Texas acting as an arbitrator I'm I see I'm out of time your honor all right I just want one last question I still can't wrap my head around the fact that there was a the original Texas arbitration was pending and uh that if if they if they had jurisdiction there there couldn't be jurisdiction two places so how does Judge Yanni have jurisdiction to make any binding rulings if if in fact there was a prior arbitration going well and that that's another good point we kind of get meta here because uh to the extent that there was an original arbitration proceeding going on in Texas at the time of uh that the Drakes went to Special Master Yanni um that further complicates Judge Helmick's conclusion that the MSA somehow amended the ARA keep in mind the ARA arbitration had been going on well before the settlement agreement was ever even entered in the uh in the MDL so we have an ongoing arbitration and then we have this MDL and now now the presumption is well by entering into a settlement agreement in the MDL the parties agreed to to amend their prior contract their one page re-agreement and uh basically cancel the ongoing arbitration and set up a new regime when the contract says nothing's in the sword band in the MSA so I'm not sure if I answered your question your honor I hope I did but uh but if uh you know if if she concludes that she didn't have jurisdiction then you're absolutely right uh the the proceeding should have gone forward in the ARA um as it did and I apologize for I've just completed dental surgery I'm having such a hard time speaking clearly right now and I apologize for that I sound like I have a hockey puck in my mouth so you're doing fine sir with that uh your judge right my remainder of time if there is any left at this point well all right we'll we'll hear from the other side Mr. Stewart uh yes your honor um may it please the court opposing counsel um I I think it's important to remember uh some facts about the um the appellee here Mr. Drake is a 71 year old man who fired the Johnson law firm almost eight years ago um he had revision surgery on both hips um stemming from the underlying MDL here and a large portion of his overall settlement has remained in trust for just over five years now while this attorney fee dispute is pending um Mr. Johnson wants to have his cake and eat it too uh what he wants to do is he wants to have the provisions and the safety and the discovery of the complex multi-district litigation without availing himself to the arbitration proceedings within the MDL uh we know that that's the case because uh he not only the attorney well uh special special master Yanni's orders don't reflect um a decision with respect to jurisdiction uh within within the MDL and I'm going to get to that in a second but the attorney representation agreement the ARA was signed before the MDL proceedings Johnson himself filed into the MDL on behalf of uh Mr. Drake thereby availing himself to protections of the of the MDL um so simply what we're asking for is that and what Judge Helmick found is that once you're in the MDL there's a there's a proceeding um there's a manner there's something set aside with respect to arbitration as to how fee disputes are going to be handled and it's important to remember that that not only applies to the plaintiff and the client as well as the defendant but also interested parties and that's well defined in the master settlement agreement um I have I have a problem with that though in the sense that uh Johnson isn't seeking any of the recovery under the master settlement agreement the recovery he's seeking is a quantum merit contingent fee that was earned arguably during the time that he before he was terminated uh your honor uh thank you for the question your honor uh respectfully I would uh disagree with that um I would point you to page 16 in appellant's brief um with respect to quantum merit that's not what Mr. Johnson is seeking he's seeking a full fee his full attorney fee um with respect to this issue um because under Texas law he's entitled to a full fee if there's a breach of contract um with without due cause so there's no quantum merit component of this attorney Johnson is seeking a full fee from a fired from a client that fired him that's correct that's correct but the significance of it is he's seeking it under Texas law and he needs Texas law to prevail and keep what he's already got gotten uh you uh I I'm sorry your honor I'm not sure I understand your question I he hasn't gotten anything well I understand that but uh he's uh seeking that protect an award he may not have collected it he so um I think it might be helpful to back up a little bit um and explain some of the background facts um with respect to this and if I don't if I don't answer your question um I I'm I'm trying to get to the to it the best that I can but given the facts of the case I I want to um get there as quickly as possible so there was there was an arbitration that occurred in Texas um two points with respect to that it was under heavy objection with respect to jurisdiction the entire time and then also with respect to the arbitrator um himself uh you're correct your honor uh Mr. Johnson did uh get an arbitration award with respect to that and then sought to confirm it in two different district courts in Texas both um one dismissed uh for lack of jurisdiction over Mr. Drake himself the other sua sponte transferred to the northern district of Ohio um because Mr. Helmack was already or Judge Helmack was already um overseeing that issue with respect to the multi-district litigation well let me interrupt again because I don't want to intrude upon your time on other on other matters but uh all you've confirmed the fact that he did get an award in Texas yes your honor um that's all that's all I wanted to clarify okay then uh then yes uh he did he did get an award in Texas um the ultimately we decided to move forward and defend um in that arbitration uh to avoid a default hearing um and so we we moved forward with that I want to touch on Special Master Yanni's um orders there are two different orders and I think it's important because those are really the the crux of a lot of appellants argument with respect to this issue um with respect to Special Master Yanni's orders uh the second one um Special Master Yanni merely said at at the time this matter and then she references a jams number was referred to me as the Special Master she was unaware that it was already pending as an arbitration before Judge Ashworth and then when she ultimately decided to um not move forward with the arbitration she said I confer I do not have jurisdiction over the matter and hereby dismiss and then she dismissed the jams reference number um and she also withdrew scheduling order number one there are two points I think are important there first Special Master Yanni made no reference with respect to the MDL the Northern District of Ohio or the Master Settlement Agreement she merely said that I do not have jurisdiction over this um result and kicked it down to the arbitration already going on in Texas would she have any reasoned basis to distinguish between her her own jurisdiction as the arbitrator under the MSA and jurisdiction under the MSA arbitration provision generally uh with respect to uh what I'm what I'm noting there is more of a stylistic preference um than it is any sort of uh ruling with respect to her if she were to say it as as part of the Master Settlement Agreement or I on behalf of the MDL are doing this I mean if it's a stylistic preference it doesn't mean anything I mean if she's basically saying we are in this arbitration under the MSA without jurisdiction then your point about I doesn't go anywhere I think uh her her next her next uh sentence her next bullet point speaks to that interpretation with respect to her individually because she then says um I concur I do not have jurisdiction over this matter and and what she dismissed was the jams case number um and then she said scheduling order one in this matter is withdrawn what what she didn't do is say that the Northern District of Ohio doesn't have jurisdiction or the multi-district litigation doesn't have jurisdiction or the Master Settlement Agreement doesn't control um you know I I can see that the that it's my reading into it that she is saying I individually but I I believe it's there and I believe that her order speaks to that with respect to a matter of comedy um so um and I also think um if you look to page 12 in appellant's brief uh this point is largely acknowledged um the last paragraph or the last in the last paragraph of uh page 12 of the appellant brief um it says in speaking to Special Master Yanni's orders um implicit in her ruling was that neither section 1.255 nor 3.2.32 of the 2015 MSA included Johnson such that he would be brought within the scope of the agreement I think it's important to highlight that because that's exactly what the crux of their argument um is is based on implicit um they're asking you to imply that Special Master Yanni um said there was no personal jurisdiction or no jurisdiction in this matter with respect to the MDL and that Texas law applied and that's simply not something she did that's not something she explicitly um noted uh she merely um acknowledged that there was an ongoing jams arbitration in Texas and um for that for that reason uh stated that she she did not have um jurisdiction well even assuming that that you're you're correct certainly uh that that's all that was intended uh that's just sort of the second argument for Johnson he that isn't leave him high and dry he still has other arguments relative to the issues before us correct Johnson Johnson would have other arguments but a large portion of their brief was dedicated to Special Master Yanni's orders and the implications following from them um so with respect to Special Master Yanni's orders um I was seeking to clarify that point first I can't uh with respect to the remaining arguments um one point I want to make before diving into each of them individually is that um much of appellant's brief uh was spent uh talking about facts that weren't accepted by the district court the sixth circuit of appeal or court of appeals the first time around or the district court after they've actually vacated the arbitration I don't know speaking for myself and maybe picking up where judge guy left off I'm I'm more interested in your response to uh the arguments about uh whether Mr. Johnson somehow bound himself to the MSA I mean he's I mean it's unusual case he's got an agreement the attorney representation agreement he has an arbitration award in hand which under the FAA means you usually win it can be vacated if the arbitrator exceeded his jurisdiction and and that's kind of what we're talking about but how is it that he ends up getting bound by a different agreement to which he was never a signatory namely the MSA uh that's an interesting question and uh yeah there there are some interesting facts in this case I think it's important to remember the timeline here um so the attorney representation agreement was signed subsequent to that Mr. Drake fired um right and then Johnson files a hurries up and files a claim in the MDL I guess I'm looking for not not and that's not a chronology but a legal analysis about how these facts as a legal matter then make this guy bound by an agreement that he didn't sign I'm not being skeptical I just would it be helpful to have an explanation that would largely that would be the explanation with respect to the master settlement agreement and the MDL these are complex litigations ultimately when you avail yourself to the protections of the MDL you can't pick and choose what parts apply um to to uh to the litigation moving forward with respect to your plaintiff or client what you do is you you choose to be a part of that litigation um and then from there uh many many of the issues um not all of the issues obviously but many of the issues are dealt with under the framework of the MDL so at that point that is the point at which the ARA as Judge Helmeck laid out was amended so some of the cases that Judge Helmeck said certainly for a modification here well the so the the meeting of the minds type argument or more the almost law school law school-esque argument with respect to that they teach law in law school that's kind of what I'm looking for here you know a doctrine what and uh not a story sure and and what Judge Helmeck talked about um in his order which I think was was helpful was talking about that Texas law plainly um talks about modification with respect to an existing agreement and then he and uh and another case um that started with a k okay but you need a meeting in the minds to modify a contract last time I checked and consideration and I'm scratching my head about how there was a meeting in the minds here I mean the guy gets fired he says I've got a claim against I reserve a claim against whatever this person gets out of this proceeding he goes off and three later there's a MSA and how is there a meeting of the minds that Johnson is swapping out the arbitration in the ARA for the one in the MSA that's kind of that's I'm having a hard time connecting that sure and uh with respect to the meeting of the minds I mean that Johnson represented to the MSA and the MDL that he represented Mr. Drank at the time that he submitted this at the time that he submitted the complaint um so the it's it's difficult to separate the the two as far as representation um and with respect to that I understand the argument with respect to meeting of the minds um and uh I can't you know it's difficult to point to a specific instance but Johnson represented to the MDL that he represented Drake and filed into the MDL um which they ultimately were both parties to um and which ultimately governed the resolution of the claim um as far as pointing to a specific instance of meeting of the minds as um as uh modification and I'd I'd instead point to uh the authority that I've I've mentioned as well as Judge Helmick's finish my answer or would you okay thank you judge um Texas law uh considers uh changing uh or modification with respect to agreements I I can't uh it's difficult to point to a specific meeting of the minds type situation I mean usually usually when there is one you can point to it you know um but have you guys tried to mediate this case multiple times your honor all right okay um all right do we have uh rebuttal um did you reserve it I think you reserved three minutes for rebuttal uh council please the court um I would just like to start with uh the analysis of uh the second point of Judge Yanni's or Special Master Yanni's uh order that was referenced a minute ago and that I'm not going to talk about the I concur I don't have jurisdiction I mean that that's not even tenuous because a district court judge or you know writing an opinion is not going to say the United States District Court for the north of the District of Ohio doesn't have but at the same time I think that um you know Mr. Stewart has a point that this order doesn't remotely uh lay out any analysis to the effect that um uh there is no jurisdiction uh in this MDL and under the MSA well that's and that's really what you're saying Judge Helmick was bound to say and I mean I that's just that it doesn't say that I'm not saying Judge Helmick is bound to say that I'm saying Judge Helmick is bound to respect what Special Master Yanni says because that's what I'm saying and Special Master Yanni Special Master Yanni had close to nothing in support of her conclusion that she I had I don't have jurisdiction my point is Judge Helmick had to make a decision whether there whether um there was jurisdiction under the master settlement agreement in the MDL uh over this dispute whether it was subject to the arbitration provision of the MSA there is zero analysis of that question in this order so I think you're both you both have a lot to worry about on this issue is what I'm suggesting and in your case it's not none of what you wanted to say is here other than than a result that she says she doesn't have jurisdiction your honor may I may address that point um that's why I said it so you have a minute left and the the the answer that I would like to give is is twofold um you can't really read into the the reference that I concur that I don't have jurisdiction if she concurs what is she doing she's agreeing with an argument that was made the argument that was made was the argument that was made in Johnson's objection to jurisdiction which wasn't Yanni centric it was MSA centric it was that the MSA does not confer jurisdiction over this proceeding for purposes of arbitration so you've got to look at it that way well you're you're you're reading an awful lot into it too I'm just telling you what I'm telling you is both you guys have a lot of risk and your guy got 62 of the award no your honor he got 35 the remainder was attorney's fees which he was entitled to receive under Texas law and that's all right well okay but you know I mean just speaking for myself it would seem like this is about money he's got a 62 entitlement it would seem like it could be worked out but you know but you're here to get an answer and if you can't work it out somebody's going to be disappointed and we'll we'll we'll do our best all right if there's no further questions so then that will conclude the arguments and the case is submitted